## JAMES v. RENO.

Ohio Appeals, 6th Dist., Lucas Co.

No. 423. Decided Apr. 9, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**656. INTERPLEADER—27. Actions.**

Where sole dispute is as to amount of money owed by plaintiff to defendant, plaintiff cannot file and maintain action in nature of interpleader and thus deprive defendant of his right to recover in action for money only.

Error to Common Pleas.

Judgment affirmed.

Benjamin F. James, Toledo and Bowling Green, for James.

E. K. Solether, Bowling Green, for Reno.

### FULL TEXT.

WILLIAMS, J.

Benjamin F. James, as plaintiff, brought an action in the Court of Common Pleas of this county against Arnold D. Reno and Ben Berenson, defendants, and in the petition alleged in substance that he had in his hands the sum of $900.00, the balance of $1,000.00 originally deposited with him by the defendant Ben Berenson, to guaranty and save the plaintiff harmless for guaranteeing the United States Fidelity & Guaranty Company upon a bond given for the appearance of Arnold D. Reno in a criminal case pending before the Mayor of the City of Bowling Green, in which Reno was charged by affidavit with a violation of the liquor law and the petition further sets out in substance that the plaintiff holds the $900.00 under an agreement with the defendant, Ben Berenson, that the plaintiff shall be permitted to deduct therefrom $500.00 to reimburse him for paying the fine of Arnold D. Reno in the original case and costs therein amounting to $35.65 and $200.00 for the balance of attorney fees due the plaintiff for services rendered as counsel in the liquor case, and that the plaintiff tendered to the defendant, Ben Berenson, the balance of the $900.00, amounting to $164.35 and $100.00 deposited with the Maayor, making a total of $264.35, and that Berenson refused to accept it. The petition concludes with a prayer for interpleader and for equitable relief.

The defendant, Arnold D. Reno, filed no pleading and makes no claim to any part of the fund. The defendant, Ben Berenson, filed an answer and cross-petition. The cross-petition concludes with a prayer for a money judgment against the plaintiff for the amount which the defendant Berenson claims the plaintiff owes him by reason of the transaction set forth in the petition. The trial judge found that the plaintiff had no cause of action upon interpleader and dismissed plaintiff's petition, and upon the issue made on the cross-petition found that the claim of the defendant, Ben Berenson, had been reduced to a judgment in a court of record in Lucas County and that the cross-petition should be dismissed. It was claimed in argument that the judgment rendered in Lucas County was set aside after its rendition. Upon that matter, however, the record in this cause is silent.

Benjamin F. James as plaintiff in error brings this proceeding in error to reverse the judgment of the court below but no cross-petition in error has been filed in this court. It therefore appears that the issues made upon

the cross-petition were disposed of otherwise than upon the merits in the court below.

We are of the opinion that the petition of the plaintiff was properly dismissed and his action was not in the nature of an interpleader. The sole dispute disclosed by the evidence adduced upon the trial below was a dispute as to the amount of money owed by the plaintiff to the defendant and to recover the money due him, the defendant in error, Ben Berenson, had a right to maintain an action for the recovery of money only and to have a jury trial to determine the amount owing. The record discloses that the plaintiff offered evidence in the court below to show that he was entitled to retain a part of the money in his hands under the alleged agreement made with Ben Berenson, and that the defendant offered evidence tending to show that no such agreement was ever made.

The plaintiff below could not file and maintain an action in the nature of an interpleader and thus deprive Berenson of his right to recover in an action for money only such amount as was due him. The proper course for the plaintiff to pursue was to await the bringing of an action against him and make defense. The facts disclosed do not warrant relief by way of interpleader.

(Richards and Lloyd, JJ., concur.)